IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:19-cv-1181-STA-jay |
| | ) | |
| TEN THOUSAND FIVE HUNDRED DOLLARS ($10,500) IN U.S. CURRENCY, | ) | |
| Defendant. | ) | |

---

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND
---

This is a civil action in rem for the forfeiture of property. In March 2019, law enforcement seized $10,500 in U.S. currency from the Jackson, Tennessee residence of Thomas Kelly Ballard, III. In the Motion to Dismiss (ECF No. 11) now before the Court, Ballard seeks the dismissal of the suit based on defects he has identified in the United States' pleadings. The government has responded in opposition, and Ballard has filed a reply. For the reasons set forth below, the government's request to amend its pleading is **GRANTED**.

### BACKGROUND

On August 27, 2019, the United States filed a Verified Complaint of Forfeiture against ten thousand five hundred dollars ($10,500) in U.S. currency. Ballard filed an Answer (ECF No. 8) to the Complaint and Verified Claim (ECF No. 9) of interest in the property. In his Motion to Dismiss, Ballard makes a number of arguments for the dismissal of the Complaint of Forfeiture, all addressed to Ballard's theory that the Complaint is not properly verified. According to Ballard, the Assistant United States Attorney signed the affidavit in support of the

1

allegations of the Complaint but has no personal knowledge of the facts alleged. The affidavit states that the information was obtained from court records and from law enforcement personnel with knowledge of the case. Without a declaration made on personal knowledge, the Complaint fails to meet the verification requirement for forfeiture complaints. In the alternative, Ballard contends that the Assistant United States Attorney's declaration violates the attorney-witness rule and puts the AUSA in the untenable position of being the government's counsel of record and a witness in the proceeding. For these reasons Ballard argues that the Court lacks subject matter jurisdiction over the Complaint of Forfeiture and should dismiss it with prejudice.

In its response in opposition, the United States argues that the Complaint of Forfeiture meets the requirements for verification. The government answers that Ballard's attack on the AUSA's declaration is essentially a credibility issue, improper for consideration at the pleadings stage. According to the government, personal knowledge of the facts averred in a declaration is not required under 28 U.S.C. § 1746 or by any of the procedural rules for forfeiture. The government has drawn the facts of the Complaint largely from a criminal indictment against Ballard, meaning a grand jury has found that the facts concerning the currency are supported by probable cause. And the only facts alleged in the Complaint and not taken directly from the indictment are the dates on which law enforcement seized the currency from Ballard's home, facts which Ballard has admitted in his responsive pleading. As for Ballard's argument concerning the attorney-witness rule, the United States contends that the rule governs ethical conduct and professional responsibility, not the admissibility of testimony. Finally, the United States argues that if the Court finds that the Complaint is defective, the appropriate remedy would be the dismissal of the Complaint without prejudice preserving the government's right to amend. Ballard has filed a reply addressed to his initial arguments.

**JURISDICTION**

As a threshold matter, Ballard argues that the Court should dismiss the Verified Complaint of Forfeiture for lack of jurisdiction under Rule 12(b)(1). "Subject matter jurisdiction defines the court's authority to hear a given type of case" and represents "the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton,* 467 U.S. 822, 828 (1984) and Black's Law Dictionary 870 (8th ed. 2004)). "Federal courts are courts of limited jurisdiction and the law presumes that a cause lies outside this limited jurisdiction." *Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (internal quotation marks omitted)). Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction.[1] When a court lacks subject matter jurisdiction, dismissal is mandatory. Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

The Court holds that it has subject matter jurisdiction over the case. Under 28 U.S.C. § 1345, district courts have "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." And under 28 U.S.C. § 1355, district courts have original jurisdiction over forfeiture proceedings. Both of these sections confer the Court with subject

---

[1] The Motion to Dismiss also cites Federal Rule of Civil Procedure 12(b)(6) and the Civil Forfeiture Reform Act's heightened pleading standards. Ballard briefly argues that the Verified Complaint of Forfeiture fails to state a plausible claim for relief. A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6). However, Ballard's argument is not a Rule 12(b)(6) argument that the government has failed to allege a plausible claim but that the government has not followed the correct procedures for verification. So the Court's inquiry is focused on the verification issue, not the plausibility of the pleadings.

matter jurisdiction. The United States commenced this action and seeks the in rem forfeiture of $10,500 in currency pursuant to 21 U.S.C. § 881(a)(6). Compl. ¶ 1. That section makes "all moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . . in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter" subject to forfeiture. 21 U.S.C. § 881(a)(6). Because this is an action brought by the United States for the forfeiture of property, the Court is satisfied that it has subject matter jurisdiction over the action. *United States v. One Parcel of Prop. Located at 2556 Yale Ave.*, 20 F. Supp. 2d 1212, 1215 (W.D. Tenn. 1998).

Ballard's argument about the Court's lack of jurisdiction is not so much a challenge to the Court's subject matter jurisdiction but its jurisdiction over the currency itself. "A civil forfeiture proceeding under § 881 is an action *in rem*." *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 84 (1992). In other words, a forfeiture action is "against the property itself, and the court's jurisdiction derives entirely from its control over the defendant res." *United States v. One 1990 Cadillac*, 205 F.3d 1342, 1999 WL 777689, at *1 (6th Cir. Sept. 15, 1999) (unpublished table decision) (citations omitted). Ballard's position is that the government's failure to provide proper verification for its Complaint of Forfeiture deprives the Court of jurisdiction. There is legal support for such a proposition. *United States v. $84,740.00 U.S. Currency*, 900 F.2d 1402, 1406 (9th Cir. 1990), overruled on other grounds by *Republic Nat'l Bank of Miami*, 506 U.S. at 89. However, because this aspect of the Court's jurisdiction is bound up with the verification issue, the Court will proceed to consider whether the United States has properly verified its pleading. Assuming the government has verified its Complaint of Forfeiture

(or can do so by filing an amended pleading), then the Court's jurisdiction over the currency is established.

## ANALYSIS

The primary issue presented in Ballard's Motion to Dismiss is whether the government has properly verified the allegations of the Complaint of Forfeiture. In civil in rem forfeiture actions, 18 U.S.C. § 983 and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions (the "Supplemental Rules") supplement the general requirements of the Federal Rules of Civil Procedure and provide specific pleading rules. *United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 347 (6th Cir. 2017). One of Rule G(2)'s additional requirements is that the government verify its complaint of forfeiture. *Id.* (citing Rule G(2)(a)).

The Verified Complaint of Forfeiture in this case incorporated by reference and relied on facts contained in a nine-page affidavit signed by the Assistant United States Attorney. The AUSA's unsworn affidavit states that "[t]he information in this affidavit comes from Court records and law enforcement personnel with firsthand knowledge of the facts contained herein." Aff. ¶ 2 (ECF No. 1-2).[2] The affidavit then goes on to set out nearly verbatim the facts alleged in an eighteen-count, twelve-page indictment against Ballard accusing him of various controlled substances offense. *See United States v. Thomas Kelly Ballard, III*, Indictment (ECF No. 3, no. 1:19-cr-10042-STA). The only statement in the affidavit not found in the indictment concerns the recovery of the subject currency from Ballard's home in March 2019. *See* Aff. ¶ 27 ("On

---

[2] The AUSA's affidavit also states that "[b]ecause it is submitted for the limited purpose of supporting a verified complaint of forfeiture, I have not included each and every fact known to the government about the investigation and prosecution described below." Aff. ¶ 2.

March 6, 2019, law enforcement agents served federal search warrants at the Ballard Clinic, as well as Ballard's Jackson, Tennessee residence. The defendant property was discovered and seized during the search of Ballard's residence."). The AUSA affirmed that based on the facts of the affidavit, he believed the property was subject to forfeiture under 21 U.S.C. § 881(a)(6) and signed the affidavit with the following declaration: "I declare under penalty of perjury that the foregoing is true and correct." Aff., ¶ 28, attestation. The Verified Complaint of Forfeiture also includes a separate unsworn declaration (ECF No. 1-1) signed by the AUSA. The declaration states that the AUSA had read the pleading and its exhibits and that the contents of both were "true to the best of my knowledge and belief." The AUSA declared "under penalty of perjury that the foregoing is true and correct."

Rule G(2) does not list any specific requirements for the government's verification, only that the complaint of forfeiture be verified. Federal law fills this gap.[3] Under 28 U.S.C. § 1746, a party may provide an unsworn declaration, verification, or affidavit "[w]herever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, . . . or affidavit . . . ." 28 U.S.C. § 1746. An unsworn

---

[3] Some courts have concluded that state law governs matters of verification in federal forfeiture actions. *$84,740.00 U.S. Currency*, 900 F.2d at 1404 ("The Supplemental Rules are silent on the correct form for a verification. The courts must therefore look to the law of the state in which the district court is located to determine what constitutes proper verification."); *see also United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 589 (7th Cir. 1988). The Sixth Circuit has not addressed the issue, and the Court is not convinced that verification of a complaint of forfeiture arising under federal law must comport with state procedures for verification. Verification, and in particular verified pleadings, in federal court would seem to be a quintessential question of procedure and therefore a matter of federal and not state law. The Court concludes that a verification made under 28 U.S.C. § 1746 satisfies Rule G(2)'s verification requirement.

declaration, verification, or affidavit made in the United States will satisfy the statutory requirements as long as the person making it subscribes it "as true under penalty of perjury" and submits it in "substantially the following form: I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date) (Signature)." *Id*.

Both the AUSA's affidavit and declaration arguably satisfy the requirements of section 1746 and therefore suffice as verification for purposes of Rule G(2). Both contain an attestation clause that substantially follows the form given in section 1746(a) and aver under penalty of perjury that the facts contained in each are "true and correct." To the extent that the affidavit is based on court records and reports from law enforcement, affidavits made under section 1746, including verifications to satisfy Rule G(2)(a), do not have to be made on personal knowledge but can simply affirm facts on information and belief. *Cobell v. Norton,* 391 F.3d 251, 260 (D.C. Cir. 2004) (citing *United States v. Roberts*, 308 F.3d 1147, 1154–55 (11th Cir. 2002)); *United States v. 8 Gilcrease Lane*, 587 F. Supp. 2d 133, 139 (D.D.C. 2008); *United States v. Any and All Funds Contained in BancorpSouth Account No. XXXX-581-3*, No. 2:12-cv-0735-SLB, 2013 WL 840042, at *7 (N.D. Ala. Mar. 6, 2013); *United States v $22,010.00 in U.S. Funds*, No. 5:09-cv-198, 2010 WL 1050410, at *2 (M.D. Ga. Mar. 18, 2010).[4] And to the extent that the AUSA's declaration states that the pleadings are "true to the best of the [his] knowledge and belief," a conditional attestation of this kind can suffice under 1746. *Schroeder v. McDonald*, 55 F.3d 454,

---

[4] Ballard correctly notes in his reply that a law enforcement agent, and not an AUSA, provided the verifications in the *8 Gilcrease Lane* case, the *$22,010 in U.S. funds* case, and the *BancorpSouth* case. It is true that a law enforcement agent, and not an AUSA, typically provides the verification to support a complaint's factual allegations in a civil in rem forfeiture action. This is not to say, however, that an AUSA could never provide the verification. In any event, the point is that under this line of cases, an affiant, whether law enforcement or an AUSA, may

7

460 n.10 (9th Cir. 1995) (holding that a verification made under penalty of perjury affirming facts as "true and correct *as known to* [the declarant]" substantially complied with section 1746). All of this tends to support the conclusion that the government has properly verified its pleading and met the requirements of Rule G(2)(a).

On the other hand, other authority calls the efficacy of the AUSA's affidavit and declaration into doubt. An attestation based on information and belief, like the one in the AUSA's declaration, is more akin to a Rule 11(b) representation. Under Rule 11(b)(3), an attorney who signs and presents a pleading to the court "certifies that to the best of the person's *knowledge, information, and belief*, formed after an inquiry reasonable under the circumstances the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(3) (emphasis added). A Rule 11 representation is by no means a small thing. However, Rule 11 requires only reasonable inquiry, something less than complete verification of the facts of a pleading. For example, a complaint signed under Rule 11(b) is not enough to oppose a motion for summary judgment. *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (noting that "mere allegations or denials in unverified pleadings" are not considered at summary judgment). By contrast, a "verified complaint carries the same weight as would an affidavit for the purposes of summary judgment." *United States v. $525,695.24, Seized From JPMorgan Chase Bank Investment Account #xxxxxxxx*, 869 F.3d 429, 441 (6th Cir. 2017) (quoting *Am. Civil Liberties Union of Ky. v. Grayson Cnty.*, 591 F.3d 837, 844 n.2 (6th Cir. 2010)). Moreover, some Circuits have held that in the summary judgment context, an unsworn declaration made "to the best of the [declarant's] knowledge" does not satisfy section 1746. *Three Rivers Confections, LLC v. Warman*, 660 F. App'x 103, 108 n.10 (3d Cir. 2016); *Lopez–Carrasquillo v. Rubianes*, 230 F.3d

---

verify the facts of a civil complaint for in rem forfeiture based on only information and belief.

8

409, 414 (1st Cir. 2000). The Sixth Circuit has held that a declaration submitted as proof at summary judgment does not meet the requirements of section 1746 when it contains both statements made on information and belief and statements based on personal knowledge and fails to distinguish which is which. *Tenneco Auto. Operating Co., Inc. v. Kingdom Auto Parts*, 410 F. App'x 841, 848 (6th Cir. 2010); *see also Swackhammer v. Mich. Dept. of Corrs.*, No. 1:10-cv-1160, 2013 WL 1182206, at *4 (W.D. Mich. Feb. 11, 2013) ("Because plaintiff did not differentiate between allegations based upon his personal knowledge and allegations based upon his information and belief, the complaint is not verified under 28 U.S.C. § 1746.").

The Court would also note the circuit-split over what effect the enactment of the Civil Asset Forfeiture Reform Act ("CAFRA") of 2000, 18 U.S.C. § 983, had on the government's ability to present affidavits based on less than personal knowledge in civil forfeiture actions. Prior to CAFRA, the government had only to demonstrate probable cause to meet its burden of proof. *United States v. Real Prop. 10338 Marcy Rd. Nw., Canal Winchester, Ohio*, 938 F.3d 802, 809 (6th Cir. 2019) ("[B]efore CAFRA was passed, the language of the [Controlled Substances Act] required 'that the government show probable cause of "a substantial connection between the property and the underlying criminal activity" . . . .'"). So pre-CAFRA, hearsay was admissible to meet the probable cause standard in civil forfeiture actions. *United States v. Parcel of Prop.*, 337 F.3d 225, 236 (2d Cir. 2003).

Some Circuits have held that post-CAFRA, the government cannot satisfy its ultimate burden of proof with affidavits that contain hearsay testimony. *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 510 (5th Cir. 2008) (holding that "courts may no longer rely on hearsay (absent an exception to the hearsay rule) when deciding the merits of a civil forfeiture proceeding brought under CAFRA" and that "[i]nstead, any affidavits submitted by the parties

9

must be based on personal knowledge"); *United States v. Sum of $185,336.07 U.S. Currency Seized from Citizen's Bank Account L7N01967*, 731 F.3d 189, 198 n.8 (2d Cir. 2013) (same); *see also United States v. Six Negotiable Checks in Various Denominations Totaling One Hundred Ninety-One Thousand Six Hundred Seventy-One Dollars and Sixty-Nine Cents ($191,671.69)*, 207 F. Supp. 2d 677, 683 (E.D. Mich. 2002) ("As the Government recognizes in its reply brief, [CAFRA's] elevated standard seemingly precludes any reliance on hearsay, as the Government could have done in a pre-CAFRA case."); *United States v. One Parcel of Prop. Located at 2526 Faxon Ave., Memphis, Tenn., with All Appurtenances and Improvements Thereon*, 145 F. Supp. 2d 942, 950 (W.D. Tenn. 2001) (M.J. Allen) ("First, the government is not entitled to proceed by civil complaint for forfeiture solely on probable cause, but must establish, by a preponderance of the evidence, that the property is subject to forfeiture. This being true, it cannot proceed on mere hearsay."). Other Circuits continue to permit the government to "use both circumstantial evidence and hearsay" in civil forfeiture actions post-CAFRA. *United States v. $291,828.00 In U.S. Currency*, 536 F.3d 1234, 1237 (11th Cir. 2008); *see also United States v. Currency, U.S., $147,900.00*, 450 F. App'x 261, 264 n.2 (4th Cir. 2011) (holding that it was not plain error to admit hearsay evidence in a civil forfeiture action based on the post-CAFRA circuit-split over the issue).

In the final analysis, the Court finds it unnecessary to make a final determination of each of these questions. The government has requested as an alternative form of relief the opportunity to amend its pleading and submit verification from an investigative agent with personal knowledge of the underlying facts supporting forfeiture. Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading by leave of court and adds that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Leary v.*

*Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Permitting the government to amend is particularly justified here because "the thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Herhold v. Green Tree Servicing, LLC*, 608 F. App'x 328, 330–31 (6th Cir. 2015) (quoting *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986)). And CAFRA prohibits the Court from dismissing the Complaint of Forfeiture for lack of "adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D). Under the circumstances, the Court finds that the better course is to allow the United States to file an amended complaint accompanied by a verification from an affiant with personal knowledge of the facts, such as an investigative agent, thereby alleviating any concern that the AUSA's verification under section 1746 does not satisfy Rule G(2)(a).

## CONCLUSION

The government's request to amend is **GRANTED**. The government is granted leave to file an amended complaint and given 45 days from the entry of this order in which to file it. The filing of the government's amended pleading will render its initial Complaint of Forfeiture a nullity and Ballard's Motion to Dismiss the initial pleading moot. *Heyward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citation omitted); *Pinks v. Lowe's Home Ctrs., Inc.*, 83 F. App'x 90 (6th Cir. 2003). Once the government has filed its amended complaint, the Court will enter a separate order on the Motion to Dismiss.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 10, 2020.